# Exhibit  B

1  GIRARDI | KEESE
   THOMAS V. GIRARDI, State Bar No. 36603
2  CHRISTOPHER T. AUMAIS, State Bar No. 249901
3  ASHKAHN MOHAMADI, State Bar No. 299029
   1126 Wilshire Boulevard
4  Los Angeles, California 90017
   Telephone: (213) 977-0211
5  Facsimile: (213) 481-1554

6  Attorneys for Plaintiffs and the Putative Class

7

**FILED**
Superior Court Of California
County Of Los Angeles

NOV 29 2017

Sherri R. Carter Executive Officer/Clerk

By _____ Deputy
Glorietta Roberts

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                                              BC 6 8 4 9 9 4

| | |
|---|---|
| 11  JAIDEEP CHADHA, and MADELINE JOHNSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br> 1. BREACH OF IMPLIED CONTRACT <br> 2. NEGLIGENCE <br> 3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES <br> 4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES <br> 5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES <br> 6. CONSTITUTIONAL INVASION OF PRIVACY <br> 7. NEGLIGENCE *PER SE* <br> 8. BREACH OF COVENANT OF DUTY OF GOOD FAITH AND FAIR DEALING <br> 9. VIOLATION OF STATE DATA BREACH ACTS <br> 10. UNFAIR AND DECEPTIVE BUSINESS PRACTICES <br><br> **JURY TRIAL DEMANDED** |

28  ///

G | K

CLASS ACTION COMPLAINT
EXHIBIT B

11/29/2017

CIT/CASE:  BC684994
LEA/DEF#:

RECEIPT #: CCH505376087
DATE PAID: 11/29/17   02:48 PM
PAYMENT:  $1,435.00               310
RECEIVED:
       CHECK:              $1,435.00
       CASH:                   $0.00
       CHANGE:                 $0.00
       CARD:                   $0.00

LASC - FILINGS
111 N. HILL STREET

**EXHIBIT B**

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

2        PLAINTIFFS allege, upon information and belief, based upon the investigation made by

3  and through their attorneys, except those allegations relating to Plaintiffs and their attorneys,

4  which are alleged upon knowledge, as follows

5                  **CLASS ACTION COMPLAINT**

6        Jaideep Chadha, and Madeline Johnson ("Plaintiffs"), both individually and on behalf of all

7  others similarly situated ("California Class" and), allege the following:

8           **I.      NATURE OF THE ACTION**

9        1.      Uber Technologies, Inc., Inc. (hereinafter "Uber Technologies, Inc." or "Defendant" or

10  "Uber") is a ride hailing service that connects drivers with passengers who are looking for a vehicle

11  for hire. Uber markets its ride hailing service to passengers and drivers, including through a website it

12  operates, www.uber.com. Drivers and passengers are consumers of Uber's ride hailing service.

13        2.      Uber operates its ride hailing service by means of a mobile software application

14  ("App") that connects drivers and passengers. Uber markets different versions of the App to drivers

15  and passengers. As part of the services it provides, Uber collects information about drivers and

16  passengers, including personally identifiable information such as names, addresses, email addresses,

17  payment card information, driver's license numbers of vehicle drivers, and other information.

18        3.      On or about November 14, 2016, Uber was contacted by an individual who claimed he

19  had accessed Uber user information. Following the contact, Uber investigated the claim and

20  determined that the individual who had made the contact and another person had obtained access to

21  information stored electronically in Uber's databases and files. The individuals were not authorized to

22  have access to the information. The unauthorized access began on or about October 13, 2016 and the

23  unauthorized access was terminated on or about November 15, 2016.

24        4.      The unauthorized access, or hack, of Uber's electronic data included information on 57

25  million passengers and drivers around the world. The hackers accessed the names, email addresses,

26  and telephone numbers of about 50 million passengers. The hackers also accessed the names and

27  driver's license number of about seven million drivers.

28  *///*

2

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

**G** | **K**

5.      When it learned about the breach, Uber did not notify law enforcement authorities or consumers about it. Rather, at the hackers' demand, Uber paid the hackers to delete the consumer data and keep quiet about the breach.

6.      On November 22, 2017, Uber began the process of notifying affected consumers that an unauthorized person or persons accessed their personal information, including driver's license numbers.

7.      Plaintiffs, both individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Uber Technologies, Inc. for their reckless and negligent violations of customer privacy rights. Plaintiffs and Class Members are former customers who entrusted Uber Technologies, Inc. with their financial information during the period of January 2016 to November 2017.

8.      Uber executives were aware of the breach as early as November 2016.

9.      Uber is aware of its responsibilities to provide notice of data security breaches. In 2016, the New York Attorney General fined Uber for failing to notify drivers and that office about a data breach that occurred in 2014.

10.     Plaintiffs and Class Members suffered injury. Upon information and belief, the security breach compromised customers' full names, Social Security numbers, birth dates, home addresses, driver's license numbers, credit card numbers, and other Private Identifiable Information ("PII").

11.     Upon information and belief, at all relevant times herein, Uber was not in compliance with the Payment Card Industry Data Security Standard ("PCI DSS") requirements.

12.     As a result of Uber Technologies, Inc.'s wrongful actions and inactions, customer information was stolen. Many of the customers who entrusted Uber Technologies, Inc. with their financial information have had their PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

## II.      PARTIES

13.     At all times relevant to this action, named Plaintiff, Jaideep Chadha, is and was, a resident of Los Angeles County, State of California.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

14.     At all times relevant to this action, named Plaintiff, Madeline Johnson, is and was, a resident of Ventura County, State of California.

15.     Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have entrusted Uber Technologies, Inc. with their PII information, expecting Uber Technologies, Inc. to protect that data during the period of January 2016 to November 2017.

16.     Defendant, Uber Technologies, Inc. ("Uber") is a Delaware corporation with its principal place of business at 1455 Market Street, No. 400, San Francisco, California. Uber is registered with the California Secretary of State.

17.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and proximately caused the injuries and damages to Plaintiffs hereinafter alleged.  Plaintiffs will seek leave of Court to amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

18.     Plaintiffs are informed and believes and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including Does 1 through 100, were the agents, servants, employees and/or joint ventures of their co-Defendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every Defendants, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendants as an agent, employee and/or joint venturers.

### III.     JURISDICTION AND VENUE

19.     This is brought as a class action to remedy violations of California law by Defendant Uber Technologies, Inc.. This Court has jurisdiction over this action because it is a class action and the amount in controversy is in excess of the jurisdictional minimum of this Court.

4

20.     Specifically, Defendant engaged in substantial marketing, advertising, promotion, and selling of Uber Technologies, Inc. services throughout California.   This Court has personal jurisdiction over Defendant because of the business they conduct in California and thus has sufficient minimum contacts.

21.     The Court also has personal jurisdiction over the Parties because Uber Technologies, Inc. as its principal place of business is located at 1455 Market Street, No. 400, San Francisco, California.

22.     Venue is proper in Los Angeles County pursuant to *Section 395(a)* of the *Code of Civil Procedure*.  Defendant conducts business in Los Angeles, many of the acts giving rise to the violations complained of occurred in Los Angeles County, and because Plaintiff resides in Los Angeles County.

23.     Venue is proper in Los Angeles County pursuant to *Section 395(a)* of the *Code of Civil Procedure*.  Defendant maintains a business hub located at 145 S. Spring Street, Los Angeles, CA 90012, many of the acts giving rise to the violations complained of occurred in Los Angeles County, and because Plaintiff resides in Los Angeles County.

## IV.     SUBSTANTIVE ALLEGATIONS

*A.     The Data Breach Unravels*

24.     On November 22, 2017, more than one year after learning about the data breach, Uber began the process of notifying affected consumers that an unauthorized person or persons accessed their personal information, including driver's license numbers.

25.     Plaintiffs, both individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Uber Technologies, Inc. for their reckless and negligent violations of customer privacy rights.  Plaintiffs and Class Members are former customers who entrusted Uber Technologies, Inc. with their financial information during the period of January 2016 to November 2017.

26.     Upon information and belief, Uber executives were aware of the breach as early as November 2016.

27.     Plaintiffs and Class Members suffered injury.  Upon information and belief, the security breach compromised customers' full names, Social Security numbers, birth dates, home

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

G | K

1 addresses, driver's license numbers, credit card numbers, and other Private Identifiable Information

2 ("PII").

3    28.    Upon information and belief, at all relevant times herein, Uber was not in compliance

4 with the Payment Card Industry Data Security Standard ("PCI DSS") requirements.

5    29.    As a result of Uber Technologies, Inc.'s wrongful actions and inactions, customer

6 information was stolen.  Many of the customers who entrusted Uber Technologies, Inc. with their

7 financial information have had their PII compromised, have had their privacy rights violated, have

8 been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

9    30.    Consumers, including Plaintiffs and Class Members, paid substantial amounts of

10 money for Uber Technologies, Inc. services. Specifically, consumers sought out governing processes

11 that run "smoothly and efficiently."

12 **B.    *Stolen Information Is Valuable to Hackers and Thieves***

13    31.    It is well known, and the subject of many media reports, that payment card data is

14 highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of

15 data security and threats thereto, is well known.  Despite well-publicized litigation and frequent public

16 announcements of data breaches, Uber Technologies, Inc. opted to maintain an insufficient and

17 inadequate system to protect the payment information of Plaintiffs and Class Members, and even went

18 so far as to cover-up a known data breach. Private Identifiable Information is also highly coveted and

19 a frequent target of hackers.  Despite well-publicized litigation and frequent public announcements of

20 data breaches, Uber Technologies, Inc. and its affiliates opted to maintain an insufficient and

21 inadequate system to protect the PII of Plaintiffs and Class Members.

22    32.    Legitimate organizations and the criminal underground alike recognize the value of PII.

23 Otherwise, they would not aggressively seek or pay for it.  As previously seen in one of the world's

24 largest breaches, hackers compromised the card holder data of 40 million customers.

25    33.    Credit or debit card information is highly valuable to hackers.  Credit and debit card

26 information that is stolen from the point of sale are known as "dumps."   Credit and debit card dumps

27 can be sold in the cybercrime underground for a retail value of about "$20 apiece." This information

28 can also be used to clone a debit or credit card.

**C.** **The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud**

34. Uber Technologies, Inc. failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

35. Uber Technologies, Inc. failed to conform to the compliance standards set by PCI DSS.

36. The ramification of Uber Technologies, Inc.'s failure to keep Plaintiffs and Class Members' data secure is severe.

37. According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html

38. It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again. On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf. In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims."

**D.** **Annual Monetary Losses from Identity Theft are in the Billions of Dollars**

39. Javelin Strategy and Research reports that those losses increased to $21 billion in 2013. *See* 2013 Identity Fraud Report. There may be a time lag between when harm occurs and when it is discovered, and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

///

///

///

///

CLASS ACTION COMPLAINT
EXHIBIT B

1   [L]aw enforcement officials told us that in some cases, stolen data may be held for
2   up to a year or more before being used to commit identity theft. Further, once
    stolen data have been sold or posted on the Web, fraudulent use of that information
3   may continue for years. As a result, studies that attempt to measure the harm
    resulting from data breaches cannot necessarily rule out all future harm.  GAO,
4   Report to Congressional Requesters, at 33 (June 2007), *available* at

5   http://www.gao.gov/new.items/d07737.pdf (attached hereto as Exhibit I)

6        40.    Plaintiffs and Class Members now face years of constant surveillance of their financial

7   and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur

8   such damages in addition to any fraudulent credit and debit card charges incurred by them and the

9   resulting loss of use of their credit and access to funds, whether or not such charges are ultimately

10  reimbursed by the credit card companies.

11  *E.    Plaintiffs and Class Members Suffered Damages*

12       41.    The data breach was a direct and proximate result of Uber Technologies, Inc.'s failure

13  to properly safeguard and protect Plaintiffs and Class Members' PII from unauthorized access, use,

14  and disclosure, as required by various state and federal regulations, industry practices, and the

15  common law, including Uber Technologies, Inc.'s failure to establish and implement appropriate

16  administrative, technical, and physical safeguards to ensure the security and confidentiality of

17  Plaintiffs and Class Members' PII to protect against reasonably foreseeable threats to the security or

18  integrity of such information.

19       42.    Even worse, Plaintiffs and Class Members were further harmed by Uber Technologies,

20  Inc.'s intentional concealment of the data breach for over twelve months.

21       43.    Plaintiffs and Class Members' PII is private and sensitive in nature and was

22  inadequately protected by Uber Technologies, Inc.. Uber Technologies, Inc. did not obtain Plaintiffs

23  and Class Members' consent to disclose their PII, except to certain persons not relevant to this action,

24  as required by applicable law and industry standards.

25       44.    As a direct and proximate result of Uber Technologies, Inc.'s wrongful action and

26  inaction and the resulting data breach, Plaintiffs and Class Members have been placed at an imminent,

27  immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring

28  them to take the time and effort to mitigate the actual and potential impact of the subject data breach

8

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

G|K

1  on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies,

2  contacting their financial institutions, closing or modifying financial accounts, and closely reviewing

3  and monitoring their credit reports and accounts for unauthorized activity.

4       45.    Uber Technologies, Inc.'s wrongful actions and inaction directly and proximately

5  caused the theft and dissemination into the public domain of Plaintiffs and Class Members' PII,

6  causing them to suffer, and continue to suffer, economic damages and other actual harm for which

7  they are entitled to compensation, including:

8      a.    Theft of their PII;

9      b.    The imminent and certainly impending injury flowing from potential fraud and identity

10          theft posed by their PII being placed in the hands of criminals and already misused via

11          the sale of Plaintiffs and Class Members' information on the Internet black market;

12      c.    The untimely and inadequate notification of the data breach;

13      d.    The improper disclosure of their PII;

14      e.    Loss of privacy;

15      f.    Ascertainable losses in the form of out-of-pocket expenses and the value of their time

16          reasonably incurred to remedy or mitigate the effects of the data breach;

17      g.    Ascertainable losses in the form of deprivation of the value of their PII, for which there

18          is a well-established national and international market;

19      h.    Overpayments to Uber Technologies, Inc. for credit reporting services during the

20          subject data breach in that a portion of the price paid for such services by Plaintiffs and

21          Class Members to Uber Technologies, Inc. was for the costs of reasonable and adequate

22          safeguards and security measures that would protect customers' PII, which Uber

23          Technologies, Inc. did not implement and, as a result, Plaintiffs and Class Members did

24          not receive what they paid for and by Uber Technologies, Inc.; and

25      i.    Deprivation of rights they possess under the Unfair Competition Laws.

26  /i/

27  /i/

28  /i/

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

G | K

# V.   CLASS ACTION ALLEGATIONS

46.     Plaintiffs also bring this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seek certification of a Nationwide class and a California class.  The nationwide class is initially defined as follows:

> All persons residing in the United States whose PII was disclosed in the data breach in 2016-2017 (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California whose PII was disclosed in the data breach in 2016-2017 (the "California Class").

47.     Excluded from each of the above Classes are Uber Technologies, Inc., including any entity in which Uber Technologies, Inc. has a controlling interest, is a parent or subsidiary, or which is controlled by Uber Technologies, Inc., as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Uber Technologies, Inc..  Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

48.     *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Uber Technologies, Inc. has acknowledged that customers' PII was stolen for a period of eight months.  The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Uber Technologies, Inc.'s possession, custody, or control.

49.     *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.      Whether Uber Technologies, Inc. owed a duty of care to Plaintiffs and Class Members with respect to the security of their personal information;

///

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

b. Whether Uber Technologies, Inc. took reasonable steps and measures to safeguard Plaintiffs' and Class Members' personal information;

c. Whether Uber Technologies, Inc. violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

d. Whether Uber Technologies, Inc. violated common and statutory law by failing to promptly notify Class Members their Private Identifiable Information had been compromised;

e. Which security procedures and which data-breach notification procedure should Uber Technologies, Inc. be required to implement as part of any injunctive relief ordered by the Court;

f. Whether Uber Technologies, Inc. has an implied contractual obligation to use reasonable security measures;

g. Whether Uber Technologies, Inc. has complied with any implied contractual obligation to use reasonable security measures;

h. Whether Uber Technologies, Inc. acts and omissions described herein give rise to a claim of negligence;

i. Whether Uber Technologies, Inc. knew or should have known of the security breach prior to its July 2017 disclosure;

j. Whether Uber Technologies, Inc. had a duty to promptly notify Plaintiffs and Class Members that their personal information was, or potentially could be, compromised;

k. What security measures, if any, must be implemented by Uber Technologies, Inc. to comply with its implied contractual obligations;

l. Whether Uber Technologies, Inc. violated California's privacy laws in connection with the acts and omissions described herein;

m. What the nature of the relief should be, including equitable relief, to which Plaintiffs and the Class Members are entitled;

n. Whether Uber Technologies, Inc. willfully and/or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

o.   Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

50.   *Typicality.* Fed. R. Civ. P. 23(a)(3).  Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' PII, like that of every other Class Member, was misused and/or disclosed by Uber Technologies, Inc..

51.   *Adequacy of Representation.* Fed. R. Civ. P. 23(a)(4).  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs has the same non-conflicting interests as the other Members of the Class.  The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

52.   *Superiority of Class Action.* Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

53.   Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Uber Technologies, Inc.'s violations of law inflicting substantial damages in the aggregate would go un-remedied.

54.   Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Uber Technologies, Inc. has acted or has refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

55.   Plaintiffs can and will fairly and adequately represent the interests of The Class through Plaintiffs' attorneys, who are competent and qualified to prosecute this litigation.

56.   A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

## COUNT I

### Breach of Implied Contract

(On Behalf of the Nationwide Class)

57.     Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

58.     Uber Technologies, Inc. solicited and invited Plaintiffs and the members of the Class to entrust Uber Technologies, Inc. with their personal financial information.

59.     When Plaintiffs and Class Members used Uber Technologies, Inc.'s services, they provided their Private Identifiable Information.  In so doing, Plaintiffs and Class Members entered into implied contracts with Uber Technologies, Inc. pursuant to which Uber Technologies, Inc. agreed to safeguard and protect such information and to timely and accurately notify Plaintiffs and Class Members if their data had been breached and compromised.

60.     Personal data and financial information provided to Uber Technologies, Inc. by Plaintiffs and Class Members was provided pursuant to the mutually agreed-upon implied contract with Uber Technologies, Inc. under which Uber Technologies, Inc. agreed to safeguard and protect Plaintiffs and Class Members' Private Identifiable Information and to timely and accurately notify them if such information was compromised or stolen.

61.     Plaintiffs and Class Members would not have provided and entrusted their Private Identifiable Information to Uber Technologies, Inc. in the absence of the implied contract between them and Uber Technologies, Inc..

62.     Plaintiffs and Class Members fully performed their obligations under the implied contracts with Uber Technologies, Inc..

63.     Uber Technologies, Inc. breached the implied contracts it made with Plaintiffs and Class Members by failing to safeguard and protect the Private Identifiable Information of Plaintiffs and Class Members and by failing to provide timely and accurate notice to them that their Private Identifiable Information was compromised as a result of the data breach.

///

///

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

64.     As a direct and proximate result of Uber Technologies, Inc.'s breaches of the implied contracts between Uber Technologies, Inc. and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

### Negligence

(On Behalf of the Nationwide Class)

65.     Plaintiffs repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

66.     Upon accepting Plaintiffs and Class Members' Private Identifiable Information in their system, Uber Technologies, Inc. undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so.  This duty included, among other things, designing, maintaining, and testing Uber Technologies, Inc.'s security systems to ensure that Plaintiffs and the Class Members' PII was adequately secured and protected.

67.     Uber Technologies, Inc. further had a duty to implement processes that would detect a breach of its security system in a timely manner.

68.     Uber Technologies, Inc. also had a duty to timely disclose to Plaintiffs and Class Members that their Private Identifiable Information had been or was reasonably believed to have been compromised.  Timely disclosure was appropriate so that, among other things, Plaintiffs and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and credit reports for fraudulent activity.

69.     Uber Technologies, Inc. breached its duty to discover and to notify Plaintiffs and Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiffs and Class Members of the breach until May 2017.  To date, Uber Technologies, Inc. has not provided sufficient information to Plaintiffs and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiffs and the Class.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

70.     Uber Technologies, Inc. also breached its duty to Plaintiffs and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Identifiable Information.  Furthering its negligent practices, Uber Technologies, Inc. failed to provide adequate supervision and oversight of the Private Identifiable Information with which it is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiffs' and Class Members' Private Identifiable Information, misuse the Private Identifiable Information, and intentionally disclose it to others without consent.

71.     Through Uber Technologies, Inc.'s acts and omissions described in this Complaint, including Uber Technologies, Inc.'s failure to provide adequate security and its failure to protect Plaintiffs' and Class Members' Private Identifiable Information from being foreseeably captured, accessed, disseminated, stolen, and misused, Uber Technologies, Inc. unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiffs' and Class Members' Private Identifiable Information during the time it was within Uber Technologies, Inc.'s control.

72.     Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Uber Technologies, Inc. prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their Private Identifiable Information.

73.     Upon information and belief, Uber Technologies, Inc. improperly and inadequately safeguarded the Private Identifiable Information of Plaintiffs and Class Members in deviation from standard industry rules, regulations, and practices at the time of the data breach.

74.     Uber Technologies, Inc.'s failure to take proper security measures to protect Plaintiffs' and Class Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiffs' and Class Members' Private Identifiable Information.

75.     Uber Technologies, Inc.'s conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the Private Identifiable Information; failing to conduct adequate regular security audits; failing to provide

15

1    adequate and appropriate supervision of persons having access to Plaintiffs' and Class Members'

2    Private Identifiable Information.

3          76.    Neither Plaintiffs nor the other Class Members contributed to the data breach and

4    subsequent misuse of their Private Identifiable Information as described in this Complaint.  As a

5    direct and proximate result of Uber Technologies, Inc.'s negligence, Plaintiffs and Class Members

6    sustained actual losses and damages as described in detail above.

7                                      **COUNT III**

8    **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful**

9                                 **Business Practices**

10                          (On Behalf of the Nationwide Class)

11         77.    Plaintiffs repeat and fully incorporate the allegations contained in each and every

12   allegation of this Complaint.

13         78.    Uber Technologies, Inc. has violated Cal. Bus. and Prof. Code §17200 et seq. by

14   engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue

15   or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof.

16   Code §17200.  Uber Technologies, Inc. engaged in unlawful acts and practices with respect to its

17   services by establishing the sub-standard security practices and procedures described herein; by

18   soliciting and collecting Plaintiffs' and Class Members' Private Identifiable Information with

19   knowledge that the information would not be adequately protected; and by gathering Plaintiffs'

20   and Class Members' Private Identifiable Information in an unsecure electronic environment in

21   violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Uber

22   Technologies, Inc. to take reasonable methods of safeguarding the Private Identifiable Information

23   of Plaintiffs and the Class Members.

24         79.    In addition, Uber Technologies, Inc. engaged in unlawful acts and practices with

25   respect to its services by failing to discover and then disclose the data breach to Plaintiffs and

26   Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code

27   § 1798.82.  To date, Uber Technologies, Inc. has still not provided such sufficient information to

28   Plaintiffs and the Class Members.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

**G | K**

80.   As a direct and proximate result of Uber Technologies, Inc.'s unlawful acts and practices, Plaintiffs and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their Private Identifiable Information, and additional losses described above.

81.   Uber Technologies, Inc. knew or should have known that its system had been breached and data security practices were inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a data breach or theft was highly likely.  Uber Technologies, Inc.'s actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

82.   Plaintiffs and members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Uber Technologies, Inc. may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Uber Technologies, Inc. because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT IV

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices

(On Behalf of the Nationwide Class)

83.   Plaintiffs repeat and fully incorporate the allegations contained in each and every allegation of this Complaint.

84.   Uber Technologies, Inc. engaged in unfair acts and practices by soliciting and collecting Plaintiffs' and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; while Plaintiffs' and the Class Members' Private Identifiable Information would be processed in an unsecure electronic environment.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and the Class Members.  They were likely to deceive the public

17

CLASS ACTION COMPLAINT
EXHIBIT B

1  into believing their Private Identifiable Information was secure, when it was not.  The harm these

2  practices caused to Plaintiffs and the members of the Class outweighed their utility, if any.

3        85.    Uber Technologies, Inc. engaged in unfair acts and practices with respect to the

4  provision of its services by failing to enact adequate privacy and security measures and protect

5  Class Members' Private Identifiable Information from further unauthorized disclosure, release,

6  data breaches, and theft, and failing to timely discovery and give notice of the Data Breach.  These

7  unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable,

8  and/or substantially injurious to Plaintiffs and Class Members. They were likely to deceive the

9  public into believing their Private Identifiable Information was secure, when it was not.  The harm

10  these practices caused to Plaintiffs and the Class Members outweighed their utility, if any.

11        86.    As a direct and proximate result of Uber Technologies, Inc.'s acts of unfair

12  practices and acts, Plaintiffs and the members of the Class were injured and lost money or

13  property, including but not limited to the loss of their legally protected interest in the

14  confidentiality and privacy of their PII, and additional losses described above.

15        87.    Uber Technologies, Inc. knew or should have known that its systems and data

16  security practices were inadequate to safeguard Class Members' Private Identifiable Information

17  and that the risk of a data breach or theft was highly likely.  Uber Technologies, Inc.'s actions in

18  engaging in the above-named unlawful practices and acts were negligent, knowing and willful,

19  and/or wanton and reckless with respect to the rights of the Class Members.

20        88.    The members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et.*

21  *seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or

22  property that the Uber Technologies, Inc. may have acquired by means of its unfair business

23  practices, restitutionary disgorgement of all profits accruing to Uber Technologies, Inc. because of

24  its unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code

25  Civ. Proc. §1021.5), and injunctive or other equitable relief.

26  ///

27  ///

28  ///

## COUNT V

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200**

**Fraudulent/Deceptive Business Practices**

(On Behalf of the Nationwide Class)

89.     Plaintiffs repeat and fully incorporate the allegations contained in each and every allegation of this Complaint.

90.     Uber Technologies, Inc. engaged in fraudulent and deceptive acts and practices by representing and advertising that it would maintain adequate data privacy and security practices and procedures to safeguard Plaintiffs' and the Class Members' Private Identifiable Information from unauthorized disclosure, release, data breaches, and theft; and representing and advertising that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of the members of the Class' Private Identifiable Information. These representations were likely to deceive members of the public, including Plaintiffs and Class Members, into believing their Private Identifiable Information was securely stored, when it was not, and that Uber Technologies, Inc. was complying with relevant law, when it was not.

91.     Uber Technologies, Inc. engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Class Members' Private Identifiable Information. At the time that Class Members were using Uber Technologies, Inc.'s system, Uber Technologies, Inc. failed to disclose to Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Identifiable Information. Plaintiffs would not have entrusted Uber Technologies, Inc. with their private information if they had known about its substandard data security practices. These representations were likely to deceive members of the public, including Plaintiffs and the Class Members, into believing their Private Identifiable Information was secure, when it was not, and that Uber Technologies, Inc. was complying with relevant law and industry standards, when it was not.

92.     As a direct and proximate result of Uber Technologies, Inc.'s deceptive practices and acts, Plaintiffs and the Class Members were injured and lost money or property, including but

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

1   not limited to the loss of their legally protected interest in the confidentiality and privacy of their

2   Private Identifiable Information, and additional losses described above.

3          93.     Uber Technologies, Inc. knew or should have known that its system and data

4   security practices were inadequate to safeguard Class Members' PII and that the risk of a data

5   breach or theft was highly likely. Uber Technologies, Inc.'s actions in engaging in the above-

6   named unlawful practices and acts were negligent, knowing and willful, and/or wanton and

7   reckless with respect to the rights of Class Members.

8          94.     Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*,

9   including, but not limited to, restitution to Plaintiffs and Class Members of money or property that

10   Uber Technologies, Inc. may have acquired by means of its fraudulent and deceptive business

11   practices, restitutionary disgorgement of all profits accruing to Uber Technologies, Inc. because of

12   its fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs

13   (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

14                         **<u>COUNT VI</u>**

15              **Constitutional Invasion of Privacy**

16            (On Behalf of the Nationwide Class)

17          95.     Plaintiffs repeat and fully incorporate the allegations contained in each and every

18   allegation of this Complaint.

19          96.     Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and

20   independent and have inalienable rights. Among these are enjoying and defending life and liberty,

21   acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and

22   privacy."

23          97.     Plaintiffs and Class members had a legally protected privacy interest in the Private

24   Identifiable Information provided to Uber Technologies, Inc..

25          98.     Plaintiffs and Class Members had a reasonable expectation of privacy as to the

26   Private Identifiable Information they provided to Uber Technologies, Inc. under the circumstances

27   of their purchases.

28   *///*

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

G|K

99.   Uber Technologies, Inc.'s actions and inactions amounted to a serious invasion of the protected privacy interests of Plaintiffs and Class Members.

100.   Uber Technologies, Inc.'s invasion of Plaintiffs' and Class Members' reasonable expectation of privacy caused Plaintiffs and Class members to suffer damages.

## COUNT VII

### Negligence *Per Se*

(On Behalf of the Nationwide Class)

101.   Plaintiffs repeat and fully incorporate the allegations contained in each and every allegation of this Complaint.

102.   Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Uber Technologies, Inc. had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' PII.

103.   Pursuant to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Uber Technologies, Inc. had a duty to protect the security and confidentiality of Plaintiffs' and Class Members' PII.

104.   Pursuant to state laws in the following 12 states, Uber Technologies, Inc. operating in those states had a duty to those respective states' Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiffs' and Class Members' Personal Information:

    a.   Arkansas: Ark. Code § 4-110-104

    b.   California: Cal Civ. Code § 1798.81.5

    c.   Connecticut: Conn. Gen. Stat. § 42-471

    d.   Florida: Fla. Stat. § 501.171(2)

    e.   Indiana: Ind. Code § 24-4.9-3.5

    f.   Maryland: Md. Code. Comm. Law § 14-5303

    g.   Massachusetts: Mass. Gen Laws Ch. 93H, § 3(a)

    h.   Nevada: Nev. Rev. Stat. § 603A.210

    i.   Oregon: Ore. Rev. Stat. § 646A.622(1)

    j.   Rhode Island: R.I. Gen Laws § 11-49.2-2(2)

21

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

**G | K**

1        k.   Texas: Tex. Bus. & Com. Code § 521.052(a)

2        l.   Utah: Utah Code § 14-44-201(1)(a)

3    105.   Uber Technologies, Inc. breached their duties to Plaintiffs and Statewide Class
4  Members under the Federal Trade Commission Act (15 U.S.C. § 45), Gramm- Leach-Bliley Act
5  (15 U.S.C. § 6801), and the state reasonable data security statutes by failing to provide fair,
6  reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and
7  Class Members' Personal Information.

8    106.   Uber Technologies, Inc.'s failure to comply with applicable laws and regulations
9  constitutes negligence *per se.*

10    107.   But for Uber Technologies, Inc.'s wrongful and negligent breach of their duties
11  owed to Plaintiffs and Statewide Class Members, Plaintiffs and Statewide Class Members would
12  not have been injured.

13    108.   The injury and harm suffered by Plaintiffs and Statewide Class Members was the
14  reasonably foreseeable result of Uber Technologies, Inc.'s breach of their duties. Uber
15  Technologies, Inc. knew or should have known that they were failing to meet their duties, and that
16  Uber Technologies, Inc.'s breach would cause Plaintiffs and Statewide Class Members to
17  experience the foreseeable harms associated with the exposure of their Personal Information.

18    109.   As a direct and proximate result of Uber Technologies, Inc.'s negligent conduct,
19  Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be
20  proven at trial.

21                        **COUNT VIII**

22        **Breach of the Covenant of Duty of Good Faith and Fair Dealing**

23                (On Behalf of the Nationwide Class)

24    110.   Plaintiffs repeat and fully incorporate the allegations contained in each and every
25  allegation of this Complaint.

26    111.   The law implies a covenant of good faith and fair dealing in every contract.

27    112.   Plaintiffs and Class Members contracted with Defendant Uber Technologies, Inc.
28  by accepting Defendant Uber Technologies, Inc.'s services.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

113. Plaintiffs and Class Members performed all of the significant duties under their agreements with Defendant Uber Technologies, Inc..

114. The conditions required for Defendant Uber Technologies, Inc.'s performance under the contract has occurred.

115. Defendant Uber Technologies, Inc. did not provide and/or unfairly interfered with and/or frustrated the right of Plaintiffs and the Class Members to receive the full benefits under their agreement.

116. Uber Technologies, Inc. breached the covenant of good faith and fair dealing implied in its contracts with Plaintiffs and the Class Members by failing to use and provide reasonable and industry-leading security practices.

117. Plaintiffs and the Class Members were damaged by Uber Technologies, Inc.'s breach in that they paid for, but never received, the valuable security protections to which they were entitled, and which would have made their products and services more valuable.

## COUNT IX

### Violation of State Data Breach Acts

#### (On Behalf of the Nationwide Class)

118. Plaintiffs repeat and fully incorporate the allegations contained in each and every allegation of this Complaint.

119. Uber Technologies, Inc. owns, licenses, and/or maintains computerized data that includes Plaintiffs' and Class Members' PII.

120. Uber Technologies, Inc. was required to, but failed, to take all reasonable steps to dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

121. Uber Technologies, Inc.'s conduct, as alleged above, violated the data breach statutes of California, including: California, Cal. Civ. Code §§ 1798.80 et. seq.;

///

///

122. Uber Technologies, Inc. was required to, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach.

123. The Data Breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code.

124. The information compromised in the Data Breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code.

125. Like other State Data Breach Acts, California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and without unreasonable delay..."

126. Uber Technologies, Inc. violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure of the Data Breach to Plaintiffs and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

127. Upon information and belief, no law enforcement agency instructed Uber Technologies, Inc. that notification to Plaintiffs and Class Members would impede a criminal investigation.

128. As a result of Uber Technologies, Inc.'s violation of State Data Breach Acts, including Cal. Civ. Code § 1798.80, et seq., Plaintiffs and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further fraud.

129. Plaintiffs, individually and on behalf of the Class, seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by Class Members as alleged above; (b) statutory damages for Uber Technologies, Inc.'s willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

130. Because Uber Technologies, Inc. was guilty of oppression, fraud or malice, in that it failed to act with a willful and conscious disregard of Plaintiffs' and Class Members' rights, Plaintiffs also seeks punitive damages, individually and on behalf of the Class.

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

## COUNT X

### Unfair and Deceptive Business Practices

(On Behalf of the Nationwide Class)

131. Plaintiffs repeat and fully incorporate the allegations contained in each and every allegation of this Complaint.

132. Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia, aside from the state of California, for violations of the respective statutory consumer protection laws, as follows:

a. the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

b. the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.*;

c. the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

d. the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

e. the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

f. the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

g. the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

h. the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

i. the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

j. the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

k. the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

l. the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

m. the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

n. the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*

o. the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq.*;

p. the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q. the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

25

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

r.  the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S.
    51:1401, *et seq.*;

s.  the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.  the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301,
    *et seq.*;

u.  the Massachusetts Regulation of Business Practices for Consumers Protection
    Act, M.G.L.A. 93A, *et seq.*;

v.  the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.  the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et
    seq.*;

x.  the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*

y.  the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

z.  the Montana Unfair Trade Practices and Consumer Protection Act of 1973,
    Mont. Code Ann. § 30-14-101, *et seq.*;

aa. the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

bb. the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*;

cc. the New Hampshire Regulation of Business Practices for Consumer Protection,
    N.H.Rev.Stat. § 358-A:1, *et seq.*;

dd. the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

ee. the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ff. the New York Consumer Protection from Deceptive Acts and Practices, N.Y.
    GBL (McKinney) § 349, *et seq.*;

gg. the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. §
    75-1.1, *et seq.*;

hh. the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

ii. the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

jj. the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

kk. the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

ll.  the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

mm.  the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1- 5.2(B), *et seq.*;

nn.  the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

oo.  the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

pp.  the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

qq.  the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

rr.  the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

ss.  the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

tt.  the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

uu.  the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

vv.  the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

ww.  the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

xx.  the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

133.  Uber Technologies, Inc. violated the statutes set forth above (collectively, the "Consumer Protection Acts") by failing to properly implement adequate, commercially reasonable security measures to protect Plaintiffs and Class Members' PII, and by allowing third parties to access Plaintiffs' and Class Members' PII.

134.  Uber Technologies, Inc. further violated the Consumer Protection Acts by failing to disclose to the consumers that its data security practices were inadequate, thus inducing consumers to use its services anyway.

///

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

135.    Uber Technologies, Inc.'s acts and/or omissions constitute fraudulent, deceptive, and/or unfair acts or omissions under the Consumer Protection Acts.

136.    Plaintiffs and other Class Members were deceived by Uber Technologies, Inc.'s failure to properly implement adequate, commercially reasonable security measures to protect their PII.

137.    Uber Technologies, Inc. intended for Plaintiffs and other Class Members to rely on Uber Technologies, Inc. to protect the information furnished to it in connection with debit and credit card transactions and/or otherwise collected by Uber Technologies, Inc., in such manner that Plaintiffs' PII would be protected, secure and not susceptible to access from unauthorized third parties.

138.    Uber Technologies, Inc. instead handled Plaintiffs' and other Class Members' information in such manner that it was compromised.

139.    Uber Technologies, Inc. failed to follow industry best practices concerning data security or was negligent in preventing the Data Breach from occurring.

140.    It was foreseeable that Uber Technologies, Inc.'s willful indifference or negligent course of conduct in handling PII it collected would put that information at the risk of compromise by data thieves.

141.    On information and belief, Uber Technologies, Inc. benefited from mishandling the PII of customers, by not taking effective measures to secure this information, and therefore saving on the cost of providing data security.

142.    Uber Technologies, Inc.'s fraudulent and deceptive acts and omissions were intended to induce Plaintiffs' and Class Members' reliance on Uber Technologies, Inc.'s deception that their Private Information was secure.

143.    Uber Technologies, Inc.'s conduct offends public policy and constitutes unfair acts or practices under the Consumer Protection Acts because Uber Technologies, Inc. caused substantial injury to Class Members that is not offset by countervailing benefits to consumers or competition, and is not reasonably avoidable by consumers.

///

144.    Uber Technologies, Inc.'s acts or practice of failing to employ reasonable and appropriate security measures to protect Private Information constitute violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which the courts consider when evaluating claims under the Consumer Protection Acts, including 815 ILCS 505/2.

145.    Uber Technologies, Inc.'s conduct constitutes unfair acts or practices as defined in the Consumer Protection Acts because Uber Technologies, Inc. caused substantial injury to Class members, which injury is not offset by countervailing benefits to consumers or competition and was not reasonably avoidable by consumers.

146.    Plaintiffs and other Class Members have suffered injury in fact and actual damages including lost money and property as a result of Uber Technologies, Inc.'s violations of the Consumer Protection Acts.

147.    Uber Technologies, Inc.'s fraudulent and deceptive behavior proximately caused Plaintiffs' and Class Members' injuries, and Uber Technologies, Inc. conducted itself with reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

148.    Uber Technologies, Inc.'s failure to disclose information concerning the Data Breach directly and promptly to affected customers, constitutes a separate fraudulent act or practice in violation of the Consumer Protection Acts.

149.    Plaintiffs seek attorney's fees and damages to the fullest extent permitted under the Consumer Protection Acts, including N.Y. G.B.L. § 349(h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in their favor and against Uber Technologies, Inc. as follows:

A.    For an Order certifying the and California Class as defined here, and appointing Plaintiffs and their Counsel to represent the California Class;

B.    For equitable relief enjoining Uber Technologies, Inc. from engaging in the wrongful conduct complained of here pertaining to the misuse and/or disclosure of

Plaintiffs' and Class Members' Private Identifiable Information, and from refusing to issue prompt, complete, and accurate disclosures to the Plaintiffs and Class Members;

C.   For equitable relief compelling Uber Technologies, Inc. to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

D.   For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Uber Technologies, Inc.'s wrongful conduct;

E.   For an award of actual damages and compensatory damages, in an amount to be determined;

F.   For an award of costs of suit and attorneys' fees, as allowable by law; and

G.   Such other and further relief as this court may deem just and proper.

E.   For Punitive Damages.

DATED: November 29, 2017        **GIRARDI | KEESE**

By: _____
CHRISTOPHER T. AUMAIS
Attorneys for PLAINTIFFS

**V.        DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demands a jury trial for all claims so triable.

DATED: November 29, 2017        **GIRARDI | KEESE**

By: _____
CHRISTOPHER T. AUMAIS
Attorneys for PLAINTIFFS

30

**CLASS ACTION COMPLAINT**
**EXHIBIT B**

**G | K**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas V. Girardi, SBN: 36603<br>Christopher T. Aumais, SBN: 249901<br>Ashkahn Mohamadi, SBN: 299029<br>GIRARDI \| KEESE<br>1126 Wilshire Blvd., Los Angeles, CA 90017<br>TELEPHONE NO.: 213-977-0211  FAX NO.: 213-481-1554<br>ATTORNEY FOR (Name): | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>NOV 29 2017<br><br>_herri R. _arter Executive Offi er/Clerk<br>By _____ Deputy<br>Glorietta R_bi_n_ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90017
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: JAIDEEP CHADHA, et al. v. UBER
TECHNOLOGIES, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | **BC 6 8 4 9 9 4** |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Ten
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 29, 2017
Christopher T. Aumais                                    ▶
_____                _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal Solutions* Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**EXHIBIT B**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach—Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

## EXHIBIT B

| SHORT TITLE: JAIDEEP CHADHA, et al. v. UBER TECHNOLOGIES, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
LA-CV109

**EXHIBIT B**

| SHORT TITLE: JAIDEEP CHADHA, et al. v. UBER TECHNOLOGIES, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civi. Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**
**EXHIBIT B**

| SHORT TITLE: JAIDEEP CHADHA, et al. v. UBER TECHNOLOGIES, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: JAIDEEP CHADHA, et al. v. UBER TECHNOLOGIES, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

[x]1. [ ]2. [ ]3. [ ]4. [ ]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10. [ ]11.

ADDRESS:

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Stanley Mosk</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>Nov. 19, 2017</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Christopher T. Aumais

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

**EXHIBIT B**

Local Rule 2.3
Page 4 of 4